GEORGE W. MASTERSON v. CHARLES HOMBERG.

JUDGMENT, *Offer to Confess, Effective.*   Where, after an action has been commenced before a justice of the peace, the parties go before the justice and there the defendant orally offers to confess judgment for a given sum, and requests the justice to reduce such offer to writing, and in pursuance of such request the justice thereupon reduces the offer to writing, and files it with the papers in the case, and also makes an entry on his docket of the fact of such offer, and the plaintiff after hearing the offer and the request to the justice to reduce it to writing, declines to accept it, *held,* that although the written offer prepared by the justice was·not signed by the defendant, or anyone in his behalf, and though it may not have been written out and filed with the papers in the case until shortly after the plaintiff had left the office, it was nevertheless a sufficient compliance with the statute, (Justices' Act, ₴ 117,) and effective upon the matter of subsequently accruing costs.

*Error from Ellsworth District Court.*

AT the September Term, 1882, of the district court, plaintiff *Homberg* recovered a judgment for $1 and costs against defendant *Masterson,* who brings the case here.   The opinion states the facts.

*Lloyd & Evans,* for plaintiff in error.

*R. W. Carter,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error, plaintiff below, commenced an action before a justice of the peace, and thereafter on appeal to the district court, obtained a judgment against

the defendant for the sum of $1. The single question presented is, whether under § 117 of the justices act, the defendant made a sufficient offer to confess judgment. The facts are these: On the day of the service of summons, the defendant and his attorney called upon the plaintiff's attorney, and asked him to go with them before a justice, to hear an offer to confess judgment. The three went before the justice, and there the defendant's counsel orally offered to confess judgment, and asked the justice to put the offer in writing. This offer was refused. The justice, in pursuance of the request, took a piece of paper and wrote on it the following: "April 29, at 4 P. M., Lloyd offers to confess judgment for $5 and costs of suit, in Homberg v. Masterson, which offer is rejected forthwith. Filed April 29, 1882.—L. H. SEAVER, J. P." He filed this with the papers of the case. He also made this entry on his docket: "April 29, 1882, at 4 P. M., Geo. W. Masterson, being present in person and by his attorney Ira E. Lloyd, offers to confess judgment for $5 and all costs made up to this time. Charles Homberg being present by his attorney R. W. Carter, said offer is rejected forthwith, and the cause is to come on for trial on May 3, at 10 A. M." There was also conflicting testimony as to whether, when the two attorneys met, the plaintiff's attorney did not waive a written offer; but from the findings of the court, we must assume that no such waiver was in fact made. The section above referred to reads: "If the defendant, any time before trial, offers in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued," &c. Was this a sufficient compliance with the statute? We think it was. It may be that the plaintiff's attorney had left the justice's office before this offer was reduced to writing, but this is immaterial. He was fully informed of the offer, and was present when the justice was asked to reduce it to writing, so that he was in no manner misled by anything that took place. The fact that the offer was reduced to writing by the justice instead of by the defendant personally, or his attorney,

is also immaterial. It was written by the direction of the defendant, and when so written became in law his writing. Nor is the fact that the writing was not signed by defendant under the circumstances a fatal omission.. Ordinarily, it is true, a legal instrument should be authenticated by the signature of the person whose act it is; but the omission of the signature is not always fatal. Proceedings before a justice, as we have often had occasion to remark, are not always conducted with technical accuracy, and as long as each party is fully aware of what is being done, and fully protected in all his substantial rights, many an error will be disregarded as immaterial. Here the plaintiff was in no manner misled. He knew what offer was made, and deliberately rejected it. He knew that the justice was asked to reduce the offer to writing, and it was in fact so reduced to writing and placed among the papers of the case. Under these circumstances, to disregard this offer would give to the plaintiff a technical advantage at the expense of substantial right and justice. Suppose the plaintiff had accepted the offer, and the justice had entered judgment thereon in his behalf: could the defendant have challenged such judgment? Is the equity of the plaintiff any greater? The offer must be adjudged sufficient.

The judgment of the district court will be reversed, and the case remanded with instructions to render judgment against the plaintiff for all the costs accruing after the time of said offer.

All the Justices concurring.